WOOSTER *against* CLARKE.

ERROR *to Conway Circuit Court.*

Where the declaration contained five counts, two on writings obligatory, one on a pro-missory note, and two on simple contract debts, and *nil debet* was pleaded to the whole declaration, the plea was bad on demurrer.

Where, at the same time the pleas of *payment* and set-off were put in, and the plaintiff demurred to the plea of *nil debet*, and filed replications to the pleas of *payment* and set-off, tendering an issue to the country in each, to which the defendant does not add a *similiter*, the plaintiff is not warranted by law, upon his demurrer being sustained, in taking judgment by *nil dicit.*

Judgment, by *nil dicit*, may be rendered, where the defendant, after he has appeared to the action, has not pleaded at all, or not within the time prescribed by law or the rules of the court; or not in a proper manner; or where he has pleaded some plea not adapted to the nature of the action, or to the circumstances of the case, or the like.

But where he has pleaded, within the time prescribed, and in a proper manner, pleas adapted to the nature of the action and circumstances of the case; and which, if de-termined in his favor, upon an issue properly formed therein, would bar the action, or so much thereof as the pleading purports to answer; and to which the plaintiff has replied, merely negativing the facts pleaded, and concluding to the country, a judg-ment by *nil dicit* is not warranted by law.

In such a case, there is an issue upon the record without the *similiter*, which is mere matter of form, and may in all such cases be added by the plaintiff, subject to be struck out by the defendent if he wishes to demur.

The *similiter* is mere matter of form, and if not implied in the " *&c.*" added to the replication, at least the duty is imposed on the plaintiff of adding it, and *trying* the issues, instead of taking judgment by *nil dicit.*

Where the judgment was for "the debt in the declaration mentioned, to wit, $2478 74 cts. debt, and $780 77 damages, *to bear interest* at 8 per ct. until paid; and also $491 16 cts. debt, and $103 11 cts. damages, *to bear interest* at 6 per ct. until paid, to-gether with costs, the judgment was irregular and illegal.

The act of Nov. 3, 1836, makes it the duty of the court to adjudge interest at any rate rate specified in the instrument sued on, not exceeding 10 per cent., and to ascertain the rate of interest to be recovered, and the time from which and until which the same shall be computed and recovered, and express the same in the judgment.

But in this case it is uncertain on what sum or sums the interest is to be computed. A grammatical construction of the judgment would make it computable on the *damages* only, which would be wholly illegal; and if on debt and damages both, it is equally illegal.

Even if computable on the debt alone, still the judgment is uncertain, irregular, and for too much; because, the interest, which is computed to the date of the judgment, and adjudged as damages, would, by virtue of the Statute, bear interest from the date of judgment at 6 per cent. per annum, which would be also illegal.

This was an action of debt, commenced by Lorenzo N. Clarke against Sheldon Wooster. The declaration contained five counts—two on writings obligatory, one on a promissory note, and two on simple contracts.

The defendant pleaded *nil debet, payment,* and *set-off.* The plaintiff demurred to the first plea, and filed a general replication, concluding to the country, to each of the others. At November Term, 1838, the record states that the demurrer was sustained, and the replications being unanswered, and the defendant saying nothing further in bar, &c., judgment was rendered for $2478 94 cts. debt, $780 87 cts. damages, "to bear interest at the rate of eight per cent. until paid," and also $491 16 debt, and $103 11 damages, "to bear interest at the rate of six per cent.," &c., and costs. There are some other matters on the record which were discussed in the arguments, but not being noticed in the opinions, they are omitted. To the judgment Wooster sued his writ of error.

TAYLOR, for plaintiff in error:

*First. Nil debet,* may be pleaded in an action on simple contract. 1 *Chitt. Plead.* 476, 477, 478. The Statute does not allow the party to plead any plea that denies the execution of the instrument sued on. But the averment of the non-existence of the debt at the time of the plea pleaded, which is all the plea does aver, is consistent with the valid execution of the instrument.

*Second.* To take judgment without answering pleas which go to the merits is erroneous. If plaintiff take judgment without answering the matter alleged against him it is a discontinuance. 1 *Chitt. Plead.* 511, 512; 1. *Saund. Rep.* 28 *a.* 1, 2, 3; 1 *Bos.* & *Pul.* 411; 1 *Hen. Bl.* 645; 6 *Taun.* 606; 6 *John.* 63; 6 *Cranch* 126; 11 *John.* 583.

*Third.* Judgment must be for one entire amount, and cannot be for several distinct amounts. The suit must be for one entire individual cause of action, and the judgment must correspond in awarding the recovery of one entire demand. 3 *Black. Com.* 393, 394, 395, 396: see the authorities there referred to.

*Fourth.* The original cause of action is merged in the judgment, and the rate of interest afterwards is governed, not by the terms of the contract, but the general law allowing interest, which is at the rate of six per cent. The judgment being for more is erroneous. 1 *Saund.* 92, v. 2; 2 *Strange* 733; 1 *Chitt. Plead.* 472. When the cause of action is once determined, the contract ceases to have any

Wooster *against* Clarke.

operative effect, and, this principle embraces every thing that might have been litigated by the parties. 1 *Blackf. Rep.* (Indiana), 360. See the *Stat.* on interest.

TRAPNALL & PIKE, *contra:*

That the plea of *nil debet* was held bad on demurrer, is no error. Two of the counts in the declaration are on bonds; and a plea going to the whole declaration, and bad for part, is bad for the whole.

The replications put in to the pleas left the *onus probandi* where the pleas placed it; on the defendant. After the demurrer was sustained to the first plea, the defendant saying nothing further, nor offering evidence to sustain his plea, judgment went against him by *nil dicit.* It is true that when the plaintiff's replication concludes to the country, he may himself add the *similiter.* But we have no issue-books in our practice, nor any making up of issue and delivery to the other party, and taking rule to rejoin, &c., as in the English practice. Wherever a party is in default, judgment goes, upon the calling of the case. The object of allowing the plaintiff to add the *similiter* in England, was to enable him to make up the issue-book, and serve it on his adversary. But by our practice one party is required to do no act for the other. When the case is called, each party is bound to make up his pleading to an issue. If either fails to do so he is in default.

The judgment is sufficient. The plaintiff is allowed by law to take judgment, bearing interest at the rate fixed in the writing, if not higher than 10 per cent. The two bonds here bear interest at 8, and the note at 6 per cent. The judgment therefore had to be rendered so that different portions should bear interest at different rates.

RINGO, *Chief Justice*, delivered the opinion of the Court:

By the assignment of errors, to which this is a joinder, the following questions are presented. 1st. Did the court err in overruling the plea of *nil debet*, on the demurrer of the plaintiff to said plea. 2d. Was the plaintiff in the Circuit Court entitled by law to a judgment by *nil dicit.* 3d. Is the judgment, as given and entered in favor of the

plaintiff below, warranted by law. 4th. Ought the judgment to have been set aside on the motion of Wooster.

These questions will be examined and disposed of in the order in which they are stated.

Two counts of the declaration are founded on writings obligatory, and the plea purports to answer the whole declaration. There can be no doubt that *nil debet* is not a good plea to so much of the action as is founded on writings obligatory, and the rule is equally well settled that a plea, bad in part, is bad for the whole, and therefore the plea in question, was properly overruled by the court on the plaintiff's demurrer.

The record proves, as before stated, that the replications of Clarke to the pleas of payment and set-off, tender an issue to the country in which Wooster failed to join by adding the " *similiter*," and for this default, judgment was given against him by *nil dicit*, and the question is, is this such a default in pleading as in law justifies the plaintiff below in proceeding to take judgment against the defendant as by *nil dicit.* The general rule *is, that such judgment may be entered in cases* where the defendant after he has appeared to the action, has not pleaded within the time limited by law, or the rules of the court, or in a proper manner, or where he has pleaded some plea not adapted to the nature of the action, or circumstances of the case, or the like. 2 *Arch. Prac.* 8; 1 *ib.* 120; *Tidd's Prac.* 506. But where the defendant, as in this case, has pleaded within the time prescribed, in a proper manner pleas adapted to the nature of the *action,* and circum stances of the case, which if determined in his favor upon an issue properly formed, thereupon, would bar the action, or so much thereof as the pleading purports to answer, and to which the plaintiff has replied merely negativing the facts pleaded by the defendant, and tendering an issue to the country, such judgment is, in our opinion, not warranted by law; because, there is an issue formed upon the record, without the *similiter*, which is mere matter of form, and may in all such cases be added by the plaintiff, subject however to be struck out by the defendant if he wishes to demur to the replication. *Arch. Prac.* 125, 126. An issue is defined to be a single, certain, and material point issuing out of the allegations and pleas of the plaintiff and

defendant, consisting regularly of an affirmative, and negative, to be tried by twelve men. *Co. Litt.* 126; *Bac. Ab. Pleas and Plead. G.* If this be the true definition of an issue, and that it is there can be no doubt, the facts affirmed by Wooster, and denied by Clarke, certainly constituted an issue which was material and capable of being tried by a jury, and the omission to add the *similiter*, which might as well have been added by the plaintiff as the defendant, surely cannot be regarded otherwise than as a merely formal defect; if, indeed, it is not, as it has been held in England to be, implied in the " &c." added to the pleading. *Sayer vs. Pocock,* 1 *Cowper* 408. It is certainly true that the omission to add the *similiter*, was originally holden to be matter of substance not to be aided or amended. 1 *Str.* 641. But the contrary has been uniformly ruled since the decision of the case in Cowper above cited, in which in delivering the judgment of the court, Lord Mansfield says, " one is ashamed and grieved that such objections remain. They have nothing to do with the justice of the case, but only serve to entangle without being of the least aid in preventing irregularity. Without considering whether it is within the *Stat. of Jeofails* or not, it is best to amend to avoid a writ of error, and there are these grounds which satisfy me that the matter in the case is amendable. 1st. That it is an omission of the Clerk. 2d. I will in this case adopt the reasoning of Lord Coke, and construe " &c." every necessary matter that ought to be expressed. *Co. Litt.* 17 *b.* 3d. By amending, the court only make that right which the defendant himself understood to be so by going down to trial." And, notwithstanding the facts in the case of *Sayer vs. Pocock,* are not in every respect similar to the facts of the case before us, the principle upon which the amendments were admitted in the former, applies with equal force to the latter, regarding the similiter as mere matter of form, implied in the " &c.," adopted and added to the replication, and thereby imposing on the plaintiff the necessity of trying the issues so formed in some manner authorized by law. We are, therefore, of the opinion that the plaintiff, instead of entering the judgment as by *nil dicit*, or for want of a plea, was bound by law to have proceeded to a trial of the issues on record in the case, the addition of the *similiter* being only matter of form, which he ought to have supplied before the case was

tried, as the defendant had omitted to do it. But the omission thereof would not of itself vitiate the verdict or justify a judgment by *nil dicit* in any form.

The judgment is uncertain in itself, and does not pursue or conform to the provisions of the Statute, approved November 3d, A. D. 1836, by virtue of which interest may be adjudged at any rate specified in the instrument sued on, not exceeding ten per cent. per annum, according to the stipulations of the contract: besides which the judgment is for too much. The act above cited makes it the duty of the court, in all cases, to ascertain the rate of interest to be recovered, and express the same in the judgment. Instead of conforming to the provisions of the Statute, the court, as appears by the judgment before us, computed the interest which had accrued on some of the demands specified in the declaration at the date of the judgment, and then proceeded to give judgment for such demands, as well for the debt in the declaration mentioned, and the interest for the amount computed thereon as aforesaid, as for so much damages sustained by reason of the detention of such debt, to bear interest at the rate mentioned in the judgment; which does not ascertain with sufficient certainty whether the interest specified in the judgment shall be computed from the several sums adjudged to the plaintiff, or upon either the debt or damages only; and if, upon either separately, it is not defined with sufficient certainty which shall bear the interest, or the time from which, or until which, the same shall be computed and recovered, according to the provisions of the Statute above quoted. A grammatical construction of the language used in the judgment, would properly restrict the computation of interest especially adjudged, to the damages only, which would be wholly illegal. Again, by disregarding the grammatical construction of the sentence, the language used might, and probably would in the common acceptation thereof, have to be regarded as giving interest upon the several sums adjudged as debt and damages, in which event, the judgment would be for too much. But suppose it applied alone (which, in our opinion, it cannot by any fair and reasonable construction) to the sums adjudged as debt, still the judgment would be, not only informal and uncertain, but for a larger sum than is authorized by law upon the premises, as set forth in the judg-

Wooster *against* Clarke.

ment, because the interest computed to the date of the judgment, and adjudged as damages for the detention of the debt would, by virtue of the provisions of the Statute, bear interest at the rate of six per centum per annum from the date of the judgment until paid. The whole amount of the accruing interest upon which is, therefore, by this judgment illegally recovered of the defendant, as without this the the plaintiff recovers the full amount of interest as stipulated in the contract which is all that the law will suffer him to have.

The view which we have taken renders it wholly unnecessary for us to examine the fourth question presented by the assignment of errors, as the judgment must be reversed for the reasons and upon the grounds before stated, and no question thereupon can arise on the return of the case to the Circuit Court, and, therefore, we express no opinion upon it.

Whereupon, it is the opinion of this court, that the judgment of the Circuit Court of Conway county, given in this case, ought to be, and is hereby, reversed, annulled, and set aside with costs, and the cause remanded to said Circuit Court, for further proceedings therein to be there had, according to law and not inconsistent with this opinion.